UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUSSAMA TALAL OTHMAN,

Petitioner,

v.

JEFFREY WOODS,

Respondent.
_____/

Case No. 15-cv-13924

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
PATRICIA T. MORRIS

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY, STAYING PROCEEDINGS [5, 6], AND ADMINISTRATIVELY CLOSING CASE

**I.     Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Oussama Othman ("Petitioner") was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court and was sentenced in 2012 as a second habitual offender to 46 years and 10 months to 100 years imprisonment.

In his petition, filed by counsel, he raises claims concerning the admission of other acts evidence and victim photographs, the conduct of the prosecutor, the sufficiency of the evidence, and the validity of his sentence. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. The matter is now before the Court on Petitioner's Motion to Stay the proceedings and

hold his habeas petition in abeyance so that he can investigate a claim concerning the effectiveness of trial counsel relative to a plea offer and potentially return to state court to exhaust remedies on that claim. Respondent has no objection to staying the case. The Court will accordingly GRANT the Petitioner's Motion to Stay [5, 6].

**II.     Discussion**

The Petitioner has demonstrated that he is entitled to a stay. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). State courts must have an opportunity to rule upon all of a petitioner's claims before the petitioner can present those claims on habeas review. Otherwise, a federal court is unable to apply 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of a state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To

2

satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that "a petitioner must assert both the *legal* and factual basis for his or her claim." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*, 228 F.3d at 681). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). And Petitioners must prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which a petitioner may raise his unexhausted claim. For example, first, a petitioner, through counsel, states that he anticipates filing a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. He may then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted claim should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as

3

when the one-year statute of limitations applicable to federal habeas actions poses a concern, and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277–78.

In this case, Petitioner shows the need for a stay. He wishes to pursue a new claim which has not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. Although Petitioner does not specifically address the good cause element in his motion, it appears that the ineffective assistance of counsel claim involves newly-discovered evidence—the non-communication of a plea offer—which may provide good cause. The claim is not plainly meritless and there is no evidence of intentional delay. Moreover, Respondent does not object to the stay.

Consequently, the Court shall stay the proceedings and hold the exhausted claims in the current petition in abeyance pending Petitioner's pursuit of state court remedies as to the unexhausted claim. The Court makes no determination as to the timeliness of any claims, or the procedural or substantive merits of any claims.

### III. Conclusion

Accordingly, the Court **GRANTS** Petitioner's Motion to Stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner investigating his claim and either (1) returning to this Court to proceed on his current claims by filing a motion to reopen, using the same caption and cause number, within ninety (90) days of the filing date of this Order, or (2) presenting the unexhausted claim to the state courts by filing a motion for relief from judgment with the trial court within ninety (90) days of the date of this Order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure).

Should Petitioner pursue the latter course, the stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within thirty (30) days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed.

Lastly, the case is closed for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

Dated: January 23, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN

United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 23, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk