UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUSSAMA OTHMAN,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.

_____/

Case No. 15-cv-13924

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING MOTION TO REOPEN CASE [#10], DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Oussama Othman ("Petitioner") was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court. In 2012, Petitioner was sentenced as a second habitual offender to 46-to-100 years' imprisonment. In his petition, filed by counsel, he raises claims concerning the admission of other acts evidence and victim photographs, the conduct of the prosecutor, the sufficiency of the evidence, and the validity of his sentence. Respondent filed an answer to the petition contending that it should be denied for lack of merit.

In January 2018, Petitioner moved to stay the proceedings and hold his habeas petition in abeyance so that he could investigate a claim concerning the effectiveness

1

of trial counsel relative to a plea offer and potentially return to the state courts to exhaust remedies on that claim. On January 23, 2018, the Court granted that motion and held the petition in abeyance, stayed the proceedings, and administratively closed the case. In that Order, the Court gave Petitioner 90 days to investigate his claim and either move to reopen this case to proceed on his existing claims or file a motion for relief from judgment with the state trial court and exhaust any additional claims. Petitioner subsequently moved for an extension of time to investigate the matter and comply with the Court's Order. On April 19, 2018, the Court granted that motion and gave Petitioner an additional 90 days to pursue his claims.

The matter is currently before the Court on Petitioner's Motion to Reopen Case, which was filed by counsel on February 3, 2021. *See* ECF No. 10. Petitioner states that he investigated his case and decided not to pursue any additional claims in the state courts, and that he seeks to proceed on his existing claims as contained in his original habeas petition. Respondent does not oppose the Motion. The Court thus GRANTS Petitioner's Motion and RE-OPENS the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims.

Here, Petitioner's request to proceed on his habeas claims must be denied because he failed to comply with the conditions set forth in the Court's Orders staying and administratively closing the case. The Court conditioned the stay on

Petitioner investigating his potential issues and either moving to reopen this case to proceed on his existing habeas claims or pursuing state court remedies as to any additional claims within 90 days of the Court's January 23, 2018 stay Order—and then within 90 days from its extension of time Order, which was entered on April 19, 2018. *See* ECF Nos. 7, 9. Petitioner did not do either within the allotted time. In his present Motion, Petitioner states that he conducted an investigation and decided not to pursue additional claims in the state courts. Petitioner, however, offers no explanation for his failure to comply with the Court's timeline—or to seek an additional extension of time to do so—nor does he offer an explanation for his extended delay of over two and a half years in returning to this Court to proceed on his existing claims. Consequently, Petitioner has failed to comply with the conditions of the stay.

Accordingly, the Court **DENIES** Petitioner's request to proceed on his habeas claims. Rather, in accordance with Sixth Circuit precedent, the Court **VACATES** the stay as of the date the extension of time was entered, April 19, 2018, and **DISMISSES** the petition for a writ of habeas corpus. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (holding that if the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted); *see also Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (affirming district court's dismissal of

petition based upon petitioner's failure to comply with conditions of stay); *Hughes v. Palmer*, No. 2:13-CV-14790, 2016 WL 6696045 (E.D. Mich. Nov. 15, 2016) (Drain, J.) (dismissing case for failure to comply with conditions of stay). This case is therefore **CLOSED** for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 25, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager